FIRST NATIONAL BANK OF HALSTAD, MINN., Petitioner, v. S. A. OLSNESS, Commissioner of Insurance, D. C. POINDEXTER, State Auditor, Respondents.

### (186 N. W. 751)

States — hail insurance warrants held assignable, but not negotiable.
    1.  Under chap. 77, Session Laws of 1921, hail insurance warrants are assignable but not negotiable.

States — hail insurance warrants are payable in full out of hail insurance fund, and not subject to pro-rating.
    2.  Hail insurance warrants are payable in full, when called by the state treasurer, out of the hail insurance fund and are not subject to being pro-rated in case of the insufficiency of the fund.

Opinion filed Jan. 21, 1922.

From a judgment of the District Court of Burleigh county, *Coffey, J.*

Certified questions answered and cause remanded.

Opinion of the Court, *Birdzell, J.*

*E. T. Burke,* for petitioner.

*Sveinbjorn Johnson,* Attorney General, *Geo. F. Shafer,* Assistant Attorney General, for defendants.

BIRDZELL, J.  In a mandamus proceeding entitled as above and pending in the district court of Burleigh county, the petitioner seeks to have issued, to cover certain hail losses, a hail warrant, negotiable or assignable in form, payable out of the hail insurance fund, without being subject to pro-rating upon the contingency of the fund being insufficient. It was stipulated in the court below that the plaintiff's right depended upon the answers to two questions:

First, are the hail warrants heretofore issued in the following form negotiable or nonnegotiable:

For Certified Hail Loss                                     Charge State Hail In-
    1921                                                                   surance Fund

County of                                                                                ..

State of North Dakota.
Auditor's Office.

                                   No B

Bismarck,

Pay to the order of

the sum of                                                                        $

To the State Treasurer                                                     Dollars
    of North Dakota
        Bismarck              D. C. Poindexter, State Auditor
                     Ralph Madland, Deputy

                           By  ----------------------------------------------

Second, when the warrant is issued in the above form, is it, in case of the insufficiency of the fund designated, payable ratably out of the funds collected into the hail insurance fund for that year, or is it payable when called in the amount stated on its face with statutory interest?

The trial judge ruled that the warrants, in the form above set forth, are nonnegotiable, and that they are binding obligations of the state payable in full, and not ratably.  The above two questions are certified to this court for answer.

It being clear that such warrants are payable only out of the hail insurance fund, they are nonnegotiable.  They are nevertheless assignable as ordinary warrants for the payment of money, and are so recognized

by the express provisions of § 22 of the Hail Insurance Act (chap. 77, Laws of 1921).

We are of the opinion that the warrants are payable in full, as they are called for payment by the state treasurer, and are not subject to any subsequent condition of repayment in case the fund should prove insufficient to meet all claims. § 6 of the act provides for the levy of a flat tax of three cents per acre each year for five years for the purpose of carrying out the act and creating a surplus in the hail insurance fund for the prompt payment of losses. § 21 requires the state treasurer to call the warrants for payment to the amount of collections remitted to him by the various county treasurers during the preceding month, and the warrants are made due and payable on the call of the treasurer. This clearly means that they are payable in full when called, and not subject to being pro-rated. The liability for payment is limited to the hail insurance fund, however, and is not a general liability of the state. See State ex rel. Linde v. Taylor, 33 N. D. 76, 109, 156 N. W. 561, L. R. A. 1918B, 156 Ann. Cas. 1918A, 583; Sargent County v. Bank of N. D., 182 N. W. 270.

Remanded to the district court.

CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.

GRACE, C. J., being disqualified, did not participate.