[File No. 6626.]

FIRST NATIONAL BANK OF BUFFALO, BUFFALO, NORTH DAKOTA, a Banking Corporation, Appellant, v. GEORGE F. FORD, as City Treasurer of the City of Mandan, North Dakota, Respondent,

and

V. J. LaROSE, Intervener and Respondent.

(293 N. W. 789.)

Opinion filed August 1, 1940. Rehearing denied September 17, 1940.

*Halvor L. Halvorson, George F. Shafer* and *Hyland & Foster,* for appellant.

*Sullivan, Fleck & Sullivan* and *C. F. Kelsch,* for respondent.

*E. A. Houck,* for intervener and respondent.
*Fletcher, Dorsey, Barker, Colman & Barber,* amicus curiae.

NUESSLE, Ch. J.   This proceeding in mandamus was brought to compel the defendant Ford, as treasurer of the city of Mandan, to issue his warrant drawn on Special Assessment Paving District No. 1, Contract No. 4, in payment of a special assessment warrant belonging to the plaintiff.   The defendant resisted the issuance of the writ on the ground that there were a large number of other outstanding special assessment warrants drawn on the same fund; that due to failure of the owners of the property against which the special assessments were levied to pay the same, the fund would be insufficient to pay the warrants issued against it; that there were no resources from which the deficiency could be made up and, therefore, the fund was insolvent; that the fund was to be considered as a trust fund to be used in paying pro rata all of the said warrants to the extent it was possible to pay.

V. J. LaRose, the holder of a warrant subsequent in maturity to that

belonging to the plaintiff, asked for and was granted leave to intervene. He filed a complaint in intervention alleging ownership of such warrant, further set up substantially the same matters and things that were alleged in the showing of the defendant, and joined in the prayer of the defendant that the moneys in the fund be applied pro rata in making payments on all of the outstanding warrants.

The trial court held that the fund was insolvent; that it was a trust fund and should be used in paying pro rata as far as it might the outstanding warrants; and that, there being no clear legal right in the plaintiff to require the defendant treasurer to pay the warrant here in question, the writ must be denied.

Judgment was entered accordingly and the plaintiff thereupon perfected the instant appeal. The record discloses the following pertinent facts:

In 1924 the city authorities of the city of Mandan, deeming it necessary that certain of the streets of the city be paved, created Paving District No. 1 pursuant to the provisions of the special assessment statute, §§ 3697 to 3743, Comp. Laws 1913, both inclusive, and amendments thereto. Thereafter appropriate proceedings were had leading to the construction of the paving in question and the issuance of warrants in payment of the same. These warrants so issued aggregated about $175,000. They were dated May 1, 1924, were in denominations of $1,000, numbered from one upward, and had maturities on May first in the years 1926 to 1944, both inclusive. They bore interest at the rate of 7 per cent per annum from date until paid, payable semiannually on the first days of May and November in each year. The interest to maturity was evidenced by coupons attached to the warrants. The warrants were issued to the contractor who built the paving and were, by him, negotiated to various holders. The warrant here in question, No. 52, owned by the plaintiff, is in the amount of $1,000 and matured May 1, 1932. The warrant owned by the intervener LaRose, No. 110, is in the same amount and matured May 1, 1938. Warrants, numbered 1 to 50, maturing prior to plaintiff's warrant, were paid on their several due dates. All interest coupons had been paid as they fell due. Upon the maturity of the plaintiff's warrant it presented the same for payment. Payment was refused on the

ground that there were not and would not be sufficient moneys in the fund to pay plaintiff's warrant and later maturing warrants together with interest and, therefore, the fund was insolvent and to be held by the city treasurer as a trust fund to be applied pro rata on all the outstanding warrants. Thereafter further collections were made into the fund from special assessment levies so that the treasurer was enabled to and did pay interest coupons on later maturing warrants as the same fell due. But no further warrants were paid and no interest was paid on past due warrants. Plaintiff presented its warrant at various times and demanded payment, but payment was at all times refused and finally it brought this action. At the time the action was brought there was about $8,000 in the fund, but the outstanding warrants then past due, together with warrants not matured, aggregated more than $100,-000. It appears that the city received from special assessments and other sources and covered into the fund on which plaintiff's warrant was drawn, nearly $60,000 after the maturity of its warrant.

The instant controversy pivots first on the interpretation and effect of § 3711, Comp. Laws 1913, which, after making provision for the issuance of special assessment warrants and the creation of a fund for the payment of such warrants, provides that "it shall be the duty of the city treasurer to pay such warrants and interest coupons as they mature and are presented for payment out of the district funds on which they are drawn, and to cancel the same when paid."

The plaintiff contends that upon the maturity of its warrant and at the times of its presentation, as well as at the time of the institution of this proceeding, there were sufficient moneys in the fund to pay its warrant and all warrants prior in number and maturity thereto; that the statute requires the same to be paid upon maturity, funds permitting; that therefore the duty devolved upon the defendant treasurer to pay the same when presented, and accordingly the writ should issue.

Plaintiff further contends that, in any event, the fund was not insolvent; that under the statute, § 3716, Comp. Laws 1913, as amended (§ 3716, 1925 Supp.) in case of a deficiency in a special assessment fund, the same may be replenished by levy upon all the taxable property of the city, and that it is the duty of the city to make this levy when the last of the warrants issued against the fund shall have matured.

Section 3716, 1925 Supplement, reads as follows: "Whenever all special assessments collected for a specific improvement are insufficient to pay the special improvement warrants issued against such improvement with interest, the city council or city commission, as the case may be, shall upon the maturity of the last special improvement warrant, levy a tax upon all the taxable property in the city for the payment of such deficiency, and in case of a balance of such special assessment remaining unexpended, it may be used for repairs of such improvements."

On the other hand, the defendant and intervener contend, first, that there is no duty under the statute, § 3711, supra, on the part of the treasurer to pay the warrants as they mature if it shall appear to him that the funds will be insufficient to pay all remaining unpaid warrants with interest; that the provision of § 3711, hereinbefore quoted, and on which the plaintiff relies, are directory merely, and therefore if it becomes apparent that there will not be sufficient accretions to the fund from all sources to enable payment of warrants and interest drawn against it in full, payment must be made on all such pro rata in so far as it may be possible. The defendant and intervener further contend that the fund is insolvent; that the special assessments have been defaulted and that it will be impossible in any event to realize from such special assessments sufficient money to discharge all the warrants drawn against the fund; that there are no other means whereby the fund can be replenished; that § 3716, on which the plaintiff relies, neither enables nor requires any deficiency in the fund to be made up out of general taxation; that therefore there is no duty upon the treasurer to pay plaintiff's warrant, and that the plaintiff not having established a clear legal right to such payment the writ must be denied.

If the provision in § 3711 that the warrants must be paid upon maturity is to be construed as the plaintiff contends it should be, then and in that event it will be unnecessary to pass upon the question as to the construction and effect of § 3716. Accordingly, we will first consider § 3711. The words of this section material here are: "It shall be the duty of the city treasurer to pay such warrants as they mature and are presented for payment out of the district funds on which they are drawn and to cancel the same when paid."

Statutes are the expressions of the legislative intent and must be given effect accordingly. Here, the words are clear and explicit. There

is no necessity for construction. The duty is imposed upon the city treasurer to pay the warrants as they mature and are presented for payment. No other meaning can be given to these words than that they shall be paid in the order of their maturity and presentation regardless of whether or not it appears that there is or will be enough in the fund to pay subsequently maturing warrants. No discretion in this regard is given to the city treasurer. If the money to pay is in the fund, he must pay. Not only is this statute clear to this effect, but it is wholly consistent with the general legislative policy respecting the payment of orders or warrants drawn upon state or municipal funds as disclosed by the following sections of the statute:

Section 143, Comp. Laws 1913, prescribing the duties of the state treasurer, provides that it is his duty, "4. To pay warrants drawn by the state auditor out of the funds upon which they are drawn and in the order in which they are presented."

Section 3350, Comp. Laws 1913, provides: "All warrants upon the state treasurer, the treasurer of any county, or any municipal corporation therein, shall be paid in the order of their presentation therefor."

Section 3352, Comp. Laws 1913, provides: "It shall be the duty of every such (city) treasurer to enter such warrant in his warrant register for payment in the order of presentation for registration. . . . When the treasurer shall have received money belonging to any particular fund sufficient to pay the warrant against such fund, which by his warrant register appears to be next due and payable, such treasurer shall by mail immediately notify the person in whose name the same is registered, or his assignee, if notified of the assignment, and interest upon such warrant shall immediately cease."

Section 3633, Comp. Laws 1913, provides: "All warrants (city) shall be paid in the order in which they are presented from the fund upon which they are drawn. . . ."

Sections 1168, 1255, and 1306, Comp. Laws 1913, as amended by chapter 228, Session Laws 1913, relating respectively to common school districts, special school districts, and independent school districts, provide that ". . . The treasurer shall pay all warrants properly drawn and signed when presented, if there is any money in his hands, or subject to his order for payment."

Section 189b21, 1925 Supplement, making provision for the issu-

ance and payment of warrants for hail insurance losses, provides that such warrants shall become due and payable on the call of the state treasurer and requires the treasurer "at least once each month to call such warrants to the amount of the collections remitted to him by the various county treasurers during the preceding month."

In Red River Valley Nat. Bank v. Fargo, 14 N. D. 88, 103 N. W. 390, this court considered §§ 3350, 3352, and 3633 and said: "It was the duty of the (city) treasurer to immediately register each warrant presented for payment, and to pay such registered warrants, or call them in for payment, in the order of presentation, as soon as he received sufficient moneys to pay them, belonging to the fund upon which the warrants were drawn."

In that case the court was considering special assessment warrants. It does not appear whether there would have been sufficient moneys in the Special Assessment Fund to discharge all the outstanding warrants if the same had been properly applied, but the inference is that there would not have been since certain of the property against which the assessments were made had been sold to the county for taxes.

In First Nat. Bank v. Olsness, 48 N. D. 758, 186 N. W. 751, the court considering the question of the order of payment of hail insurance warrants under the provisions of § 189b21, Supplement, said: "We are of the opinion that the warrants are payable in full, as they are called for payment by the state treasurer, and are not subject to any subsequent condition of repayment in case the fund should prove insufficient to meet all claims. Section 6 of the act provides for the levy of a flat tax of three cents per acre each year for five years for the purpose of carrying out the act and creating a surplus in the hail insurance fund for the prompt payment of losses. Section 21 requires the state treasurer to call the warrants for payment to the amount of collections remitted to him by the various county treasurers during the preceding month, and the warrants are made due and payable on the call of the treasurer. This clearly means that they are payable in full when called, and not subject to being pro-rated. The liability for payment is limited to the hail insurance fund, however, and is not a general liability of the state. See, State ex rel. Linde v. Taylor, 33 N. D. 76, 109, 156 N. W. 561, L.R.A.1918B, 156, Ann. Cas. 1918A, 583; Sargent County v. State, 47 N. D. 561, 182 N. W. 270."

While we are not here passing upon the effect of § 3716, nevertheless this statute is pertinent in considering the equities in the instant case. It is clear that the city authorities issuing the warrants here involved took note of it. The warrants specifically provide: "And the said Paving District Number One Fund is hereby pledged for the punctual payment of the principal and interest at maturity; and if a deficiency remain, the board of city commissioners will levy a tax on all taxable property of the City for the payment of such deficiency, in the manner provided by law."

Of course the terms of the statute, pursuant to which the warrants here in question were issued, control over any recitals that are contained in the warrants themselves. Catholic Order of Foresters v. State, 67 N. D. 228, 271 N. W. 670, 109 A.L.R. 979. But nevertheless these recitals are of considerable significance. They indicate that the city authorities considered first that the warrants should be paid at maturity, and, second, that the fund on which the warrants were drawn was replenishable by general tax levy should other sources not suffice. While it is true the purchasers of the warrants were charged with notice of the statutes, nevertheless the recitals contained in the warrants gave the actual notice on which the purchasers would ordinarily rely. And this notice was had by all those who bought, as well by the buyer of the warrant last maturing as by the buyer of that first maturing.

The warrants in question evidence contracts. The statutes under which they are drawn are part of their terms. Catholic Order of Foresters v. State, supra; First Nat. Bank v. Buhl, 151 Minn. 206, 186 N. W. 306; Dillon, Municipal Corporations, § 859. Construing the statute § 3711 as we have, the contracts thus made provide that the warrants shall be paid at maturity and when presented, funds permitting. This being so, it was the clear legal duty of the defendant to pay the plaintiff's warrant when it matured and was presented for payment. If the statute be thus construed we know of no equitable rule that requires pro rata payment such as the defendant and intervener contend for, and certainly under all the facts as above disclosed there is no equitable reason why such a rule should, in any event, be invoked in the instant case in behalf of the intervener or other warrant holders.

Counsel on both sides have cited numerous cases from other jurisdic-

tions in support of their respective contentions. The determinative question here turns on the statute and these authorities are enlightening only as the statutes which they construe and apply are similar in word or in principle to the statute here involved. Accordingly, we do not cite them.

In view of what we have said above the plaintiff is entitled to the relief which he seeks. Accordingly, the judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

BURKE, MORRIS, CHRISTIANSON, and BURR, JJ., concur.